IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TANYA AMMONS, | ) | FILED: OCTOBER 3, 2008 |
| | ) | 08 CV 5663 |
| Plaintiff, | ) | JUDGE GOTTSCHALL |
| | ) | MAGISTRATE JUDGE DENLOW |
| v. | ) No. YM |
| | ) | |
| METROPOLITAN WATER RECLAMATION | ) | |
| DISTRICT OF GREATER CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, TANYA AMMONS (hereinafter referred to as "AMMONS"), and for her complaint against the Defendant, METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO (hereinafter referred to as "METROPOLITAN"), states:

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C §12101 et seq.

1. This action is brought for damages sustained by AMMONS by reason of METROPOLITAN's violation of AMMONS's civil rights under The Americans With Disabilities Act 42 U.S.C §12101 et seq.

2. AMMONS is a citizen of the United States and is a resident of the Northern District of Illinois.

3. At all times relevant hereto, METROPOLITAN was a governmental entity that was part of the City of Chicago and did substantial business in the Northern District of Illinois.

4. At all times relevant hereto, METROPOLITAN had its office at 100 East Erie Street, Chicago, Illinois 60611-3154

5. At all times relevant hereto, METROPOLITAN was an "employer" within the meaning of the Americans with Disabilities Act.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 1331.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

8. In or about July, 1986, AMMONS began her employment with METROPOLITAN as a laborer.

9. Between 1986 and November, 2006, AMMONS received numerous compliments and reviews from her supervisors at METROPOLITAN concerning her performance.

10. In November, 2006, AMMONS took a leave of absence from METROPOLITAN to treat a psychological condition with a projected return date of March 19, 2007.

11. On or about March 18, 2007, AMMONS was cleared by both her doctor and METROPOLITAN's doctor to return to work with certain restrictions.

12. At all times relevant hereto, it was the policy of METROPOLITAN not to discriminate against any employee on the basis of his or her disability.

2

13. Notwithstanding METROPOLITAN's policy, AMMONS was subjected to discrimination by METROPOLITAN because of her disability since she clearly was able to return to work and METROPOLITAN refused to accommodate her and has not allowed her to return to work to this date.

14. METROPOLITAN has, therefore, violated the Americans With Disabilities Act by discriminating against AMMONS because of her psychological condition.

15. On April 18, 2007, AMMONS filed a complaint of employment discrimination with the Equal Employment Opportunities Commission.

16. On August 11, 2008, the United States Department of Justice issued AMMONS a Notice of Right to Sue. A true and correct copy of this notice is attached hereto as **"Exhibit A"**.

17. Less than ninety (90) days have expired since AMMONS' receipt of the Notice of Right to Sue.

18. METROPOLITAN's violation of AMMONS' rights under the Americans With Disabilities Act has caused her pecuniary damages.

WHEREFORE, the Plaintiff, TANYA AMMONS, requests that this Court enter judgment in her favor and against the Defendant, METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, as follows:

    i. Enjoining METROPOLITAN from engaging in such unlawful employment practices as alleged in this complaint;

3

ii. Reinstating AMMONS to the position of laborer at the rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by METROPOLITAN;

iii. That AMMONS be made whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by METROPOLITAN;

iv. Alternatively, in the event that METROPOLITAN is unwilling to reinstate AMMONS, that AMMONS be awarded front pay;

v. Awarding AMMONS compensatory and punitive damages in amounts authorized under the Americans With Disabilities Act;

vi. Awarding AMMONS attorney's fees and pre-judgment interest; and

vii. Awarding AMMONS such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

### COUNT II
### VIOLATION OF AMMONS' CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991.

1. AMMONS is a citizen of the United States and is a resident of the Northern District of Illinois.

2. At all times relevant hereto, METROPOLITAN was a governmental entity that was part of the City of Chicago and did substantial business in the Northern District of Illinois.

3. At all times relevant hereto, METROPOLITAN was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

4. This Court has jurisdiction pursuant to 42 U.S.C Section 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

5. Venue is appropriate in this Court pursuant to 42 U.S.C. Section 2000 (e-5)(f)(3).

6-9. AMMONS repeats, realleges and incorporates by reference paragraphs 8 to 11 of Count I as paragraphs 6 to 9 of Count II.

10. At all times relevant hereto, it was the policy of METROPOLITAN not to discriminate against an employee on the basis of his or her sex.

11. Notwithstanding METROPOLITAN's policy, AMMONS was subjected to discrimination on the basis of her sex by METROPOLITAN refusing to reinstate her to her position as laborer and refusing to make any accommodations to her to perform her position, even though METROPOLITAN has made accommodations to male employees assigned to her location.

12. METROPOLITAN's claimed reason(s) for failing to reinstate AMMONS to her position was merely a pretext for its unlawful sexual discrimination.

13. METROPOLITAN has, therefore, discriminated against AMMONS because of her sex in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e)-2(a)(1) as amended by the Civil Rights Act of 1991.

14. On April 18, 2007, AMMONS filed a complaint of employment discrimination with the Equal Employment Opportunities Commission.

15. On August 11, 2008, the United States Department of Justice issued AMMONS a Notice of Right to Sue. A true and correct copy of this notice is attached hereto as **"Exhibit B"**.

16. Less than ninety (90) days have expired since AMMONS' receipt of the Notice of Right to Sue.

17. METROPOLITAN's violation of AMMONS rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused AMMONS pecuniary damages.

WHEREFORE, the Plaintiff, TANYA AMMONS, requests that this Court enter judgment in her favor and against the Defendant, METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, as follows:

   i. Enjoining METROPOLITAN from engaging in such unlawful employment practices as alleged in this complaint;

   ii. Requiring METROPOLITAN to reinstate AMMONS to the position of laborer at a rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by METROPOLITAN;

   iii. Making AMMONS whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by METROPOLITAN;

iv. Alternatively, in the event that METROPOLITAN is unwilling to reinstate AMMONS, that AMMONS be awarded front pay;

v. Awarding AMMONS compensatory and punitive damages in amounts authorized under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

vi. Awarding AMMONS attorney's fees costs pursuant to 42 U.S.C. Section 2000(e)-5(k) and prejudgment interest; and

vii. Awarding AMMONS such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

Joel F. Handler #1115812
55 W. Wacker Drive, Suite 950
Chicago, Illinois 60601
(312) 621-0008

Attorney for the Plaintiff,
TANYA AMMONS