UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANYA AMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 C 5663 |
| | ) |
| METROPOLITAN WATER RECLAMATION | ) Honorable Joan B. Gottschall |
| DISTRICT OF GREATER CHICAGO | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tanya Ammons filed this employment discrimination suit against the Metropolitan Water Reclamation District of Greater Chicago ("MWRD"), alleging that the MWRD discriminated against her on the basis of her disability and sex in violation of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII") when it failed to grant her a reasonable accommodation that would have enabled her to return to work. The MWRD has moved for summary judgment. In addition, Ammons has moved to strike certain affidavits. For the reasons set forth below, the MWRD's motion for summary judgment is granted. Ammons' motion to strike is denied as moot.[1]

I.   BACKGROUND[2]

Tanya Ammons was hired by the MWRD in July 1986 as a Maintenance Laborer A Shift in the Maintenance Laborer A classification. The MWRD operates seven wastewater treatment

---

[1] The court did not consider any of the materials Ammons moved to strike in granting MWRD's motion for summary judgment.

[2] The parties are reminded that, per this court's standing order, no argument should be included in the Local Rule 56.1(a)(3) statement or the Local Rule 56.1(b)(3) statement. As noted in this court's standing order, "argument masquerading as fact will not be considered by the court." The parties are further reminded that, as noted in this court's standing order, "Facts must be set forth in **short** numbered paragraphs, generally limited to one fact per paragraph." (emphasis as in original.)

facilities, including the Calumet Plant. Ammons was on an unpaid leave of absence due to depression when, on December 28, 2006, she informed the MWRD that she wished to begin the interactive process to receive a workplace accommodation. In February 2007, as a part of the interactive process. Ammons' psychiatrist informed MWRD that Ammons could not work in or around tanks, platforms, or water more than two feet deep, travel more than 5 miles to work, safely operate power tools, do concrete and brick work, climb ladders, or do utility line excavation and backfill. Ammons' psychiatrist requested that MWRD accommodate her accordingly. On February 8, 2007, Ammons requested that she be transferred to one of two positions at the Calumet plant – either a daytime position in the storeroom or an afternoon position in centrifuge.[3] On March 19, 2007, Ammons' psychiatrist informed MWRD by letter that, "I am releasing [Ammons] to go back to work with the ADA accommodations [referred to in his previous communications to MWRD]."

Sometime between April 18-26, 2007, Ammons filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging that "Respondent [(the MWRD)] has refused to accommodate my medical restrictions and will not allow me to return to work as of this date.[4] Respondent has accommodated male employees assigned to my location." Ammons checked a box indicating that she alleges that the MWRD's conduct constitutes a continuing violation.

The only storeroom vacancy to arise since Ammons submitted her transfer request arose on April 30, 2007. On May 2, 2007, MWRD sent Ammons a letter informing her that it could not reasonably accommodate her disability at that time. On May 21, 2007, Ammons'

---

[3] MWRD concedes that there had been a centrifuge vacancy since at least July 28, 2006, but according to Ammons, this vacancy was filled before she requested a transfer.

[4] The charge is dated April 18, 2007, but a date-stamp indicates that it was received on April 26, 2007.

psychiatrist informed MWRD that he was lifting a restriction involving travel to work sites. On June 11, 2007, an afternoon centrifuge position became available. The MWRD filled this vacancy by transferring a male employee that same day. On June 21, 2007, the MWRD sent Ammons a letter informing her that the MWRD could not identify any reasonable accommodations that would allow her to safely perform the essential functions of any position in the MLA classification. On August 27, 2007, MWRD filled the storeroom vacancy by transferring a male employee.

In this lawsuit, Ammons contends that the MWRD should have reasonably accommodated her disability by granting her a transfer to either the centrifuge vacancy or the storeroom vacancy and that, by failing to do so and reasonably accommodating male employees' disabilities by granting their transfer requests, the MWRD violated both the ADA and Title VII.

## II. LEGAL STANDARD

Rule 56 allows a movant to seek summary judgment when the opposing party's case consists of factually unsupported claims. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Simply put, "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (quotations omitted).

In order to survive a Rule 56 motion, the nonmoving party must either: (a) show that the movant cannot produce admissible evidence that a fact is not disputed, (b) show that the materials cited by the movant do not establish the absence or presence of a genuinely disputed material fact, or (c) direct the court's attention to specific admissible evidence in "the record,

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that show that there is some genuinely disputed material fact. Fed. R. Civ. P. 56(c)(1); *see United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510-11 (7th Cir. 2010) ("[S]ummary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact." Also, it is "not the district court's job to sift through the record and make [a party's] case for him") (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive a summary judgment motion; there must be evidence on which the jury could reasonably find in favor of the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

In addition, "[D]istrict courts presiding over summary judgment proceedings may not weigh conflicting evidence or make credibility determinations, both of which are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011) (internal quotations and citations omitted); *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("As we have said many times, summary judgment cannot be used to resolve swearing contests between litigants.") Furthermore, at the summary judgment stage, "the court views the record in the light most favorable to the non-moving party, and draws all reasonable inferences in that

party's favor." *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255, and *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009)).

### III. ANALYSIS

The MWRD argues that Ammons' ADA reasonable accommodation claim is not properly before the court because Ammons has not exhausted her administrative remedies. An individual seeking relief under the ADA does so pursuant to the procedures and requirements set forth in Title VII of the Civil Rights Act, 42 U.S.C. § 12117(a), "which include exhausting administrative remedies prior to bringing suit." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); s*ee Basith v. Cook Cnty.*, 241 F.3d 919, 931 (7th Cir. 2001) (noting that the plaintiff's "failure to exhaust his administrative remedies by filing an EEOC claim [wa]s fatal [to his ADA claim]." (citation omitted)). "Moreover, [a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Teal*, 559 F.3d at 691. "The purpose of this requirement is twofold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Id.*

Of course, plaintiffs may litigate claims that were not included in a charge of discrimination where those claims are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Teal*, 559 F.3d at 691-92 (quotations and citations omitted). "This standard is a liberal one, and is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Id.* "This Circuit has held that in order for claims to be deemed related,

5

the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 692.

In *Connor v. Illinois Department of Natural Resources*, 413 F.3d 675 (7th Cir. 2005), Connor filed an EEOC charge on November 1, 2002 alleging, *inter alia*, that her employer failed to promote her in 2001. Connor was passed over for promotion again in December 2002. However, Connor apparently did not amend her EEOC charge or file a new charge with allegations of the 2002 failure to promote. Connor later filed a lawsuit pursuant to Title VII seeking relief for her employer's failure to promote her in both 2001 and 2002. The Seventh Circuit affirmed the district court's grant of summary judgment to Connor's employer as to her claim that her employer failed to promote her in 2002.

The Seventh Circuit explained, "The complaint filed in the district court and the charge filed with the EEOC must, at a minimum, describe the same circumstances and participants." *Id.* at 680 (citing *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202-03 (7th Cir. 1996)). "This gives the EEOC a chance to investigate the allegedly discriminatory conduct and to seek voluntary compliance or conciliation without a lawsuit." *Id.* The Seventh Circuit reasoned, "In Conner's case, it would have been impossible to describe the conduct related to her December 2002 non-promotion in her EEOC charges dated November 1, 2002." *Id.* Thus, "[t]here was no way for the EEOC to undertake preliminary investigation as contemplated by Title VII's statutory design." *Id.* Given this, the Seventh Circuit concluded, "The non-promotion was necessarily outside the scope of the EEOC charges, and the district court was correct in rejecting Conner's claims based upon it." *Id.*

As in *Connor*, Ammons filed suit seeking relief from post-charge conduct – MWRD's failure to grant her a transfer to either of two positions.[5] Indeed, MWRD filled the centrifuge vacancy more than a month after Ammons filed her charge and filled the storeroom vacancy four months after Ammons filed her charge. As in *Connor*, it would have been impossible for Ammons to describe this post-charge conduct in her EEOC/IDHR charge. Because Ammons' case is analogous to *Connor*, this court must hold that the post-charge conduct of which Ammons complains is beyond the scope of the EEOC charge.

Ammons tries to escape the controlling precedent embodied in *Connor* by urging this court to follow the Eighth Circuit's holding that there is an exception to the rule (barring a plaintiff from litigating claims not included in an EEOC charge) for subsequent acts that were of like kind to acts alleged in the charge of discrimination to be ongoing and continuing. (Pl.'s Resp. at 6 (citing *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 674 (8th Cir. 2006); *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996) (where a plaintiff is retaliated against for filing an EEOC charge, the plaintiff can bring a suit seeking relief for the alleged retaliation without filing another charge of discrimination).) First of all, this court is not at liberty to follow the law of other Circuits where there is controlling Seventh Circuit authority. Secondly, the denial of a transfer request is a discrete act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Discrete acts are not actionable under the continuing violation doctrine. *See Jones v. Res-Care, Inc.*, 613 F.3d 665, 669 (7th Cir. 2010) (holding that alleged discriminatory acts that occurred more than 180 days (the relevant statute of limitations in Indiana) before the plaintiff filed her EEOC complaint were discrete and were therefore not actionable under the continuing violation doctrine.). Third, while not necessary to

---

[5] "[T]he illegal act which triggers the statute of limitations is the denial of transfer, not the request." *Garcia v. Fry*, 972 F. Supp. 1133, 1135 n.3 (N.D. Ill. 1997).

this decision, some courts believe that the Supreme Court's opinion in *Morgan*, 536 U.S. at 102, has cast doubt on cases like the Seventh Circuit case Ammons cites, *McKenzie*, and, in any event, *McKenzie* established an exception only for post-charge retaliation that was reasonably related to the acts included in the charge. *See Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000) (referring to "an exception to the rule for the case in which the alleged retaliation is for filing the first claim, so that, if the rule did apply, separate administrative complaints would have to be filed, which has seemed unduly burdensome." (citing *McKenzie*, 92 F.3d at 482-83)).

Ammons does not cite and this court is not aware of any case holding that discrete non-retaliatory acts that occur after an EEOC charge is filed are like or reasonably related to the claims included in the EEOC charge. Indeed, an EEOC investigation, no matter how thorough, would not have turned up evidence that the MWRD committed discrimination in failing to transfer Ammons to jobs that were not yet available. *See Teal*, 559 F.3d at 691-92 (quotations and citations omitted) (in order for a claim to be like or reasonably related to a claim included in the charge, the claim must be one that "could reasonably be expected to be discovered in the course of the EEOC's investigation."). Allowing Ammons to litigate post-charge non-retaliatory discrete discriminatory acts would thwart the legislation's goal of giving employers an opportunity to resolve discrimination without the need for a federal lawsuit. *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) (holding that a suspension was not like or reasonably related to the allegations in an EEOC charge because it occurred after the EEOC charge and was, therefore, not foreseeable to the employer); *see also Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs.*, 343 F.3d 897, 899 (7th Cir. 2003) ("In the past five years, conciliation has been successful in approximately 25 percent of the Title VII charges in which the Commission made a 'reasonable cause' determination." "[M]any other charges are disposed of by negotiated

settlements before the Commission completes its investigation and makes a 'reasonable cause' determination." "The conciliation process thus is important in limiting the Title VII caseload of the federal courts . . . .") (citations omitted)); *See also* the EEOC's website, http://www.eeoc.gov./eeoc/statistics/enforcement/all.cfm (In 2010, the EEOC received 99,922 charges and found "reasonable cause" in only 4,981 of them, but 9,777 others were resolved by negotiated settlements.).

Given this, Ammons' allegations of post-charge discriminatory acts are not like or reasonably related to the allegations in her EEOC charge. Therefore, the MWRD is entitled to summary judgment on Ammons' ADA claim. Ammons' Count I is thus dismissed.

For the same reasons, Ammons' Title VII claim – in which she complains that MWRD failed to reasonably accommodate her by transferring her to other positions while it granted the same reasonable accommodations to similarly situated males – is also not properly before the court. As a result, MWRD is also entitled to summary judgment on this claim.

### IV. CONCLUSION

MWRD's motion for summary judgment is granted. Ammons' motion to strike is denied as moot.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 18, 2011

9