# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5663 | **DATE** | 1/18/2013 |
| **CASE TITLE** | Ammons vs. Metropolitan Water Reclamation District | | |

**DOCKET ENTRY TEXT**

Defendant Metropolitan Water Reclamation District of Greater Chicago ("MWRD")'s motion for Bill of Costs [142] is denied. Although MWRD has established that it is entitled to reimbursement in the amount of $10,069.52 for witness fees, transcript fees, court reporter attendance, and copying costs, the court finds that Plaintiff has demonstrated that she is unable to pay assigned costs at this time or in the future.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The court granted Defendant MWRD's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to Plaintiff Tanya Ammons's ADA and Title VII claims on March 18, 2011. MWRD moved for costs on April 18, 2011. Subsequently, Ammons filed a motion for reconsideration of the summary judgment order and a motion to stay the bill of costs. The court stayed the bill of costs. The court again granted summary judgment to MWRD on March 1, 2012. Ammons again moved for reconsideration, and the court denied the motion for reconsideration on October 26, 2012. The court now addresses the bill of costs. MWRD seeks to recover a total of $10,069.25, including $7,126.95 for court reporter fees and transcript costs, $40.00 for witness fees, and $2,902.30 for copying and exhibit costs.

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." In analyzing a bill of costs, there "is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The court's inquiry asks "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). The court may also, at its discretion, consider the losing party's indigence when assigning costs. *Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006).

The court first considers whether the costs sought are recoverable and reasonable. First, a $40.00 fee for the deposition appearance of Dr. Howard Herman is recoverable. MWRD has provided documentation of this expense. *See People's Nat'l Bank, N.A. v. Am. Coal Co.*, Civ. No. 09-761-GPM, 2012 WL 1605997, at *2 (S.D. Ill. May 8, 2012) (allowing fees for subpoenas and witnesses).

MWRD's expenses for deposition transcripts and copies are also allowable, as the court agrees that the transcripts were "reasonably necessary." *See Warfield v. City of Chi.*, 733 F. Supp. 2d 950, 956 (N.D. Ill. 2010) (a deposition transcript is recoverable if it is "reasonably necessary to the case at the time it was taken"). Plaintiff filed ten of the transcripts with the court, and MWRD filed two others. The Local Rules of the Northern District

**STATEMENT**

of Illinois provide that the cost of transcripts may not exceed the rate established by the Judicial Conference of the United States that was in effect at the time the transcript was filed. L.R. 54.1(b). The depositions took place in 2009-10, at which time the maximum reimbursement for an ordinary transcript was capped at $3.65 per page. The transcripts of the depositions totaled 4327 pages. The maximum allowed cost for these transcripts is (4327 x $3.65 =) $15,793.55. MWRD requests $2,485.65 for transcript originals and $3,894.30 for copies, for a total of $6,379.95 in transcript expenses. As this is within the maximum allowed cost, these costs are recoverable, along with a court-reporter fee of $747.00. *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (stating that a district court may award deposition attendance fees charged by a court reporter).

Finally, $310.00 in documented copying costs for transcript exhibits, $327.20 for photocopies provided by medical providers, and $2,194.10 for copies made using MWRD's own copy machine are all recoverable expenses. Costs of making copies of materials necessarily obtained for use in the case are recoverable. 28 U.S.C. § 1920(4). The court concludes that these documents were reasonable and necessary for use in the case. MWRD requests (1905 x $0.20 =) $381.00 for copies of transcripts. MWRD also requests $327.20 for 1419 pages of medical-provider copies, which is equivalent to $0.23/page. Finally, MWRD requests (21,941 x $0.10 =) $2,194.10 for in-house copying expenses. The court finds these rates reasonable.

The court concludes that MWRD has established a total of $10,069.52 in reasonable and recoverable expenses for witness fees, transcript fees, court reporter attendance, and copying costs.

But even though these expenses are allowable, Plaintiff has objected to the assignment of costs on the ground that she is indigent. Under *Rivera*, a court may "consider[] indigence when assigning costs to a losing party." 469 F.3d at 634. The non-prevailing party bears the burden to prove that she is "incapable of paying the court-imposed costs at this time or in the future." *Id.* at 635 (citing *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). To meet this burden, the losing party must submit an affidavit or other documentary evidence of income and assets and a schedule of expenses. *Id.*

Plaintiff has submitted an affidavit stating that she has no funds to pay the costs and has no likelihood of obtaining work in the future because of her disability of depression. She has also submitted an affidavit prepared in support of her motion for leave to appeal *in forma pauperis*, which states that she has been unemployed since 2006 and has no income other than a Link card. Her other assets are minimal. The affidavit demonstrates that Plaintiff's expenses are minor; she does not pay rent. Based on this evidence, the court finds that Plaintiff has no present ability to pay costs associated with this litigation.

As the court concluded in its summary judgment order, Plaintiff's disability prevents her from returning to her former place of employment. The court concludes that the same disability will severely restrict Plaintiff's future job prospects. *See Cross v. Roadway Express*, No. 93 C 2584, 1994 WL 592168, at *1 (N.D. Ill. Oct. 26, 1994) (denying award of costs based in part on the fact that plaintiff's depression made it impossible for him to pursue his former occupation). Therefore, the court finds that Plaintiff has no ability to pay assigned costs in the future. Accordingly, MWRD's motion for costs is denied.