> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 9, 2013
Decided November 20, 2013



CERTIFIED COPY

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 12-3662 | |
| TANYA AMMONS,<br>    *Plaintiff-Appellant*,<br><br>v.<br><br>METROPOLITAN WATER<br>RECLAMATION DISTRICT OF<br>GREATER CHICAGO,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:08-cv-05663<br><br>Joan B. Gottschall,<br>*Judge*. |

**O R D E R**

Tanya Ammons is on the roster of maintenance workers at the Metropolitan Water Reclamation District of Greater Chicago, but she has been on unpaid leave for many years. In 2006, Ammons announced that she wanted to avoid working near tanks of deep water as an accommodation for her depression and anxiety, and when the

Case: 1:08-cv-05663 Document #: 236 Filed: 12/12/13 Page 2 of 3 PageID #:5596
Case: 12-3662    Document: 00712133043    Filed: 12/12/2013    Pages: 3

No. 12-3662                                                                                           Page 2

Reclamation District did not reassign her to a different position, she sued under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213. The district court granted summary judgment for the Reclamation District after concluding that Ammons lacks evidence from which a jury could find her capable of performing the essential functions of the two maintenance jobs she identified as potential accommodations. Ammons filed a notice of appeal from that decision, but the five sentences in the "argument" section of her appellate brief are nothing but general assertions of error. Accordingly, we dismiss her appeal. *See* FED. R. APP. P. 28(a)(9)(A).

During discovery, the parties focused on Ammons' contention that the Reclamation District could have accommodated her condition by reassigning her to one of two maintenance jobs that were open when she sought to return to work: one position involved working in a storeroom and the other working near the centrifuge (which separates water from sewage). Ammons' psychiatrist opined in a February 2007 letter to the Reclamation District that her condition prevents her from climbing ladders, standing on platforms, or working near tanks of water more than two feet deep. The maintenance employee then assigned to the storeroom said that he climbs ladders almost daily to reach high shelves, and Ammons conceded at her deposition that she expected to be exempt from climbing ladders if given this job. Moreover, a supervisor described the centrifuge area as filled with tanks of water more than two feet deep; he explained that maintenance laborers in the centrifuge area climb ladders and walk across platforms every day performing their job duties cleaning tanks.

In granting summary judgment for the Reclamation District, the district court concluded that undisputed evidence establishes that Ammons could not perform the essential functions of the centrifuge position (which entails working near platforms and tanks of water) or the storeroom position (which requires climbing ladders). Ammons asked the judge to reconsider this ruling. The judge declined but allowed Ammons to file an amended motion for reconsideration even though the 28-day deadline had passed. *See* FED. R. CIV. P. 6(b)(2), 59(e). After the judge denied her amended motion, Ammons filed this appeal.

The Reclamation District contends that Ammons has waived any argument on appeal because her opening brief makes only general assertions of error. Ammons replies that we should construct arguments for her by combing the parts of the record on appeal she cites in her jurisdictional statement. Our rules do not permit litigants to incorporate by reference contentions they made in the district court. *See* FED. R. APP. P. 28(a)(9)(A); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 708 (7th Cir. 2010); *Casna v. City of*

No. 12-3662 Page 3

*Loves Park*, 574 F.3d 420, 424 (7th Cir. 2009). Ammons' citations to litigation documents are not a substitute for explaining *how* the district court erred or *why* she is entitled to relief given the procedural history of this case. In the five sentences constituting her "argument," Ammons simply asserts that unidentified "testimony and affidavits" from her and her psychiatrist show that she was capable of working in the centrifuge and storeroom positions. That is not an argument, and because her brief includes no argument whatsoever, we have nothing to review. *See Cole v. Comm'r of Internal Revenue*, 637 F.3d 767, 772–73 (7th Cir. 2011); *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010).

DISMISSED.